UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

VICTORIA JOHANNA LOPEZ (4),

Defendant.

Case No.: 21CR3102-JLS

**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR ORDER DIRECTING U.S. MARSHAL SERVICE TO PAY FOR TRAVEL COSTS**

**[ECF No. 150]**

The parties have filed a joint motion for an order directing the U.S. Marshals Service to pay for round-trip travel expenses for Defendant and her two children so that Defendant may attended a Status Hearing before this Court on September 8, 2023 and a change of plea hearing yet to be scheduled. Defendant also seeks subsistence expenses while in San Diego. Defendant's request is made pursuant to 18 U.S.C. § 4285, which authorizes the Court to direct the United States Marshal to arrange for an indigent person's transportation or furnish the fare to the place where her appearance is required, when the interests of justice would be served thereby.

The statute does not authorize the Marshals Service to pay for a defendant's return trip home. *See e.g., United States v. James*, 762 F.Supp.1, 2 (D.C. 1991) (recognizing that legislative history reflects that statute's "provisions would only be applicable to necessary

direct travel to the receiving court for subsequent appearance." ); *United States v. Gonzales*, 684 F.Supp. 838, 841 (D.Vt. 1988) ("There is no authority to pay for defendant's return [trip] after the court proceeding."). Nor does the statute permit subsistence expenses at the destination. *See United States v. Haley*, 504 F.Supp. 1124, 1129 (E.D.Pa. 1981) (recognizing that "the statute does not authorize subsistence funding for defendant once they arrive at the place of trial and during trial.") Finally, the statute only authorizes travel payment for the defendant on pretrial release, it makes no provision for the travel expenses of other persons, even if they are minor dependents of the defendant.

It has been the Court's experience in past cases that the Marshal's Service strictly adheres to the statutory requirements of 18 U.S.C. § 4285. However, if the agency has funds or resources available for the travel and payment requested by the parties, the Court would not be opposed to entering such an order in the interest of justice. At this time, though, the Court believes it is constrained by the statutory requirements. Accordingly, the Joint Motion for Order Directing U.S. Marshal Service to Pay for Travel Costs is **Denied without Prejudice**.

IT IS SO ORDERED.

Dated: August 25, 2023

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge